# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Keicha Lisette Oliver,<br><br>    Plaintiff,<br><br>vs.<br><br>Westgate Las Vegas Resort, LLC, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01701-RFB-MDC<br><br>**Report and Recommendation to Remand**<br><br>**And**<br><br>**Order** |

The Court takes judicial notice that pro se plaintiff Keicha Lisette Oliver has a jury trial scheduled in a few months in the Eighth Judicial District Court regarding the same slip-and-fall action that she complains of in her filings in this court (her filings are a summary of the state court case). See *Keicha Oliver vs. Westgate Las Vegas Resort*, LLC, No. A-22-849295-C, Eighth Judicial District Court, Nevada. Plaintiff improperly attempted to remove her state court case to federal court in Louisiana, where she lives. ECF No. 3. The federal court in Louisiana transferred the plaintiff's case to the instant court for lack of jurisdiction. *Id.* The Court sua sponte determines that plaintiff's attempt to remove this case to federal court is improper. The Court recommends that this action be promptly remanded to Nevada state court so that her upcoming trial in state court can proceed on schedule. The Court denies her *application to proceed in forma pauperis* as moot. ECF No. 2.

## DISCUSSION

Pursuant to 28 U.S.C. § 1455(b)(4), a district court shall examine a removal petition promptly. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id. A defendant seeking to remove an action from state court must file a notice of removal with the federal court to which removal is sought.

28 U.S.C. § 1455(a). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Removal pursuant to 28 U.S.C.S. § 1441(a) states that a case "may be removed by the defendant or the defendants."

The Court has liberally reviewed plaintiff's allegations in the complaint, and although she does not use the word removal, the complaint is merely a rehash of what is happening in the state court proceedings and why she wants to move the case to a new court. Plaintiff cannot remove her own case from state court because the federal removal statutes expressly reserve the right of removal to the defendants only. See 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). The state court case, which plaintiff filed through retained counsel (who have now withdrawn) has been ongoing for many years and trial is scheduled for June 24, 2024. Plaintiff will have her day in court in a few months. At this late stage, her pending state court case is likely plaintiff's only option to pursue her claims. Even under the liberal pleading standard, there is no basis for removal. The Court recommends that this case be promptly remanded.

Accordingly,

The Court RECOMMENDS that this action be REMANDED.

The Court FURTHER ORDERS that plaintiff Keicha Lisette Oliver's *application to proceed in forma pauperis* (ECF No. 2) is DENIED as moot.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

It is so recommended and ordered.

DATED this 12th day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge